IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

    THIS MATTER is before the Court in connection with Defendant Hartford Casualty Insurance Company's Motion to Dismiss Counts III, IV and V of Plaintiff Bituminous Casualty Company's Amended Complaint filed on August 23, 2012.  The motion sought to dismiss these claims pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

    A response was originally filed by Plaintiff on September 17, 2012, but was stricken by the Court by Minute Order of September 28, 2012, for exceeding the page limitations set forth in my Practice Standards.  That Minute Order also noted that the response attached matters outside the pleadings which, if considered by the Court, would require conversion of the motion to a motion for summary judgment, and that the response did not address whether conversion is appropriate.  Plaintiff was advised to consider and address this issue in connection with the refiled response.

    On October 5, 2012, Plaintiff refiled its response to Defendant's motion to dismiss.  It again attached matters outside the pleadings, and stated that conversion of

the motion to dismiss was appropriate since Defendant's motion relies on Rule 12(b)(6) as a basis to dismiss the claims at issue. I agree that conversion is required. If the evidence attached to Plaintiff's response is not excluded, the motion to dismiss pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).

I find that it is appropriate to consider the evidence Plaintiff attaches to its response in resolving Hartford Casualty Insurance Company's motion to dismiss under Rule 12(b)(6). Accordingly, notice is hereby given that Hartford's motion to dismiss shall be treated as a motion for summary judgment and the evidence attached to the response shall be considered. Defendant may attach to its reply brief any matters outside the pleadings that it wishes the Court to consider in connection with the motion for summary judgment.

In conclusion, it is

ORDERED that Defendant Hartford Casualty Insurance Company's Motion to Dismiss Counts III, IV and V of Plaintiff Bituminous Casualty Company's Amended Complaint filed August 23, 2012 (ECF No. 38) is converted to a motion for summary judgment. It is

FURTHER ORDERED that Defendant may attach to its reply brief any material outside the pleadings that it wants the Court to consider in connection with its motion for summary judgment.

Dated: October 9, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge