IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

   Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

   Defendant and Third Party Plaintiff,

v.

CANAL INSURANCE COMPANY,

   Third Party Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on the **Motion to Stay Discovery and Disclosures Pending Determination of its Motion to Dismiss the Amended Third Party Complaint** [Docket No. 58; Filed October 30, 2012] (the "Motion") submitted by Third Party Defendant Canal Insurance Company ("Canal"), and on the **Unopposed Joint Motion to Vacate Scheduling Order or, Alternatively, to Extend Time for Expert Disclosures** [#67; Filed November 14, 2012] (the "Joint Motion") submitted by Plaintiff Bituminous Casualty Corporation ("Bituminous") and Defendant/Third Party Plaintiff Hartford Casualty Insurance Company ("Hartford").  Bituminous has filed a **Response to Canal Insurance Company's Motion to Stay Discovery and Disclosures** [#65; Filed November 12, 2012] (the

"Response"). In light of the newly filed Joint Motion, the Court finds these matters ripe for review.[1]

## I.   BACKGROUND

This case involves an insurance coverage dispute in which Bituminous seeks to recover from Hartford funds paid for the defense and settlement of liability claims against Genex Construction, LLC ("Genex") in an underlying action alleging construction defects pertaining to a condominium development. *Amended Complaint* [#30] at 1-2. Bituminous issued liability policies to Genex, and Hartford issued liability policies to RLP, an alleged alter ego of Genex. *Id.* at 2-3. Genex is an insured under the policies issued by Hartford. *Id.* at 3. Bituminous alleges that Hartford refused to defend or indemnify Genex in the underlying action and, as a result, Bituminous was forced to pay more than its share of an obligation for which it claims Hartford is partially responsible. *Id.* at 4-5.

Hartford alleges that Canal also issued two commercial liability policies to Genex and that Canal initially accepted Genex's tender and defended Genex in the underlying action. *Amended Third-Party Complaint* [#51] at 4. Hartford alleges that Canal subsequently withdrew from the defense of Genex and did not contribute to the settlement of Genex's liability in the underlying action. *Id.* Hartford seeks 1) a declaratory judgment as to Canal's obligation to Genex in the underlying action and 2) equitable contribution. *Id.* at 5-6.

Canal argues in the Motion that discovery should be stayed pending the resolution of its Motion to Dismiss Hartford's Amended Third Party Complaint [#57]. Canal explains

---

[1] The Court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

that it was not a party to this action when the Scheduling Order [#19] was issued on May 3, 2012. Soon after Hartford filed its Amended Third-Party Complaint Against Canal [#51] on October 18, 2012, Canal filed its Motion to Dismiss [#57]. Canal argues that a stay is appropriate because it is likely to prevail on its Motion to Dismiss, that it will suffer irreparable harm if compelled to participate in discovery before the Motion to Dismiss is decided, and that there are no overriding public interests at stake. [#58] at 5-6. Regarding conferral, Canal asserts that counsel for Bituminous and counsel for Hartford take no position on the Motion because they were unable to reach their clients. *Id.* at 2.

In the Response, Bituminous takes no position on the Motion because it has no claims against Canal. [#65] at 2. Bituminous requests, however, that if discovery is stayed for Canal, it should also be stayed with respect to Bituminous' claims against Hartford so as to avoid piecemeal litigation and potentially duplicative discovery. *Id.*

In the Joint Motion, Bituminous and Hartford explain that since the Scheduling Order [#19] was issued, Bituminous has filed an Amended Complaint [#30] against Hartford and Hartford has filed a Third Party Complaint [#31] (subsequently amended) against Canal. [#67] at 2. Additionally, Hartford has filed a Motion to Dismiss Counts III, IV, and V of Bituminous' Amended Complaint [#38] that remains pending. *Id.* They note that given the pending Motions to Dismiss [#38, #57], no party has filed an answer with respect to the current operative pleadings. *Id.* at 3. Thus, Bituminous and Hartford "believe that this action can be more efficiently resolved by vacating the Scheduling Order and eliminating all deadlines and dates set forth therein." *Id.*

## II.     ANALYSIS

### A.     The Motion

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation

omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, neither Bituminous nor Hartford has opposed the Motion and thus no party alleges that any prejudice will result from the stay. The Court therefore finds that imposing a stay of discovery at this stage would not cause prejudice to Plaintiff Bituminous or Third-Party Plaintiff Hartford.

With regard to the second factor, as noted above, Canal explains that a stay will prevent it from suffering irreparable harm due to the financial burden of engaging in discovery that may prove to be unnecessary. [#58] at 6. Canal states that given the scope of the underlying action, discovery in this case is likely to be "time-intensive, voluminous, and expensive." *Id.* The Court agrees that proceeding with the discovery process under these circumstances presents a significant burden and finds that the second factor weighs in favor of granting a stay.

With regard to the third factor, it is certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the

case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Although the pending motions to dismiss will not fully resolve all issues, they will, if granted, significantly narrow the issues and result in the dismissal of Canal. Thus, the third factor weighs in favor of granting a stay.

With regard to the fourth factor, no nonparties with significant particularized interests in this case have been identified. The Court therefore finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor against granting a stay.

With regard to the fifth and final factor, the Court finds that the public's primary interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth factor weighs in favor of granting a stay.

Weighing the relevant factors, the Court finds that a stay of proceedings is warranted in light of the pending Motions to Dismiss [#38, #57]. Moreover, the Court agrees with the Response that discovery should be stayed as to all parties, not just Canal.

**B.    The Joint Motion**

In light of the Court's ruling granting a stay of all discovery in this matter pending rulings on the Motions to Dismiss [#38, #57], the Court finds that by the time the stay is lifted, a new Scheduling Order will likely be necessary. Accordingly, the Joint Motion, which seeks to vacate the Scheduling Order [#19], is **GRANTED**.

IT IS HEREBY **ORDERED** that the Motion [#58] is **GRANTED**.

IT IS FURTHER **ORDERED** that all disclosure and discovery are **STAYED** pending

resolution of the Motions to Dismiss [#38, #57].

IT IS FURTHER **ORDERED** that the Joint Motion [#67] is **GRANTED** and that the deadlines set forth in the Scheduling Order [#19] are **VACATED**. A new Scheduling Conference will be set upon resolution of the Motions to Dismiss [#38, #57].

Dated: November 15, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge