IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant and Third Party Plaintiff,

v.

CANAL INSURANCE COMPANY,

    Third Party Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Hartford Casualty Insurance Company's Motion to Stay the Briefing of, or Extend the Deadline to Respond to, Plaintiff Bituminous Casualty Corporation's Motion for Leave to Amend to Seek Exemplary Damages** [Docket No. 103; Filed August 15, 2013] (the "Motion"). On August 23, 2013, Plaintiff filed a Response [#106]. On September 6, 2013, Defendant filed a Reply [#112]. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for disposition [#104]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#103] is **GRANTED in part**

1

and **DENIED in part**.

## I. Background

This is an insurance coverage dispute brought by one insurer against another insurer regarding the same insured. *See. Am. Complaint* [#30] at ¶ 3. In short, Plaintiff seeks to recover amounts it expended in the defense of the common insured in a state court proceeding. *See id.* at ¶¶ 3, 16-19, 21.

On July 30, 2013, Plaintiff filed its Motion for Leave to Amend to Seek Exemplary Damages Pursuant to Fed.R.Civ.P. 15 and C.R.S. § 13-21-102 [#95] (the "Motion to Amend"), which is pending before the Court. On August 5, 2013, Defendant filed its Notice of Withdrawal of its Forty-First Affirmative Defense (Release) *with Prejudice* [#97] (the "Notice of Withdrawal"). Also on August 5, 2013, Defendant filed its Motion for Leave to File its Motion [for] Summary Judgment on Plaintiff Bituminous Casualty Corporation's Amended Complaint [#100] (the "Motion for Leave"), which was granted on September 9, 2013. *See Order* [#113] at 2. Thereafter, on September 11, 2013, Defendant filed its Motion for Summary Judgment on Plaintiff Bituminous Casualty Corporation's Amended Complaint [#115] (the "Motion for Summary Judgment").

In the Motion, Defendant asks the Court to "extend the deadline for [Defendant] to respond to [the Motion to Amend], until after this Court enters a ruling [ ]on [the Motion for Leave][1] (and [the] Motion for Summary Judgment)." *Motion* [#103] at 5. Defendant argues that the Motion to Amend "relates to Counts 3 and 4 of its Amended Complaint, which

---

[1] At the time the Motion was filed, the Court had not ruled on the Motion for Leave [#100]. However, because the Court has now granted the Motion for Leave [#100], the Court will only address Defendant's reliance on the pending Motion for Summary Judgment [#115] as a basis for the Motion.

plead claims for Intentional Interference with Contractual Obligations and Civil Conspiracy, respectively." *Id.* at 2. Defendant argues that its Motion for Summary Judgment "asserts, in part, that Counts 3 and 4 of [Plaintiff's] Amended Complaint are subject to dismissal as a result of [Defendant's] withdrawal of the sole predicate for the assertion of these counts," which Defendant alleges is Defendant's forty-first affirmative defense which was withdrawn in the Notice of Withdrawal. *Id.* at 3. As a result, Defendant argues that the Court should suspend briefing on the Motion to Amend [#95] until after it issues a determination regarding the Motion for Summary Judgment because "to the extent it is determined . . . that Counts 3 and 4 are no longer viable as a result of [Defendant's] withdrawal of its release affirmative defense, it will be entirely unnecessary for the parties to engage in any briefing of [the] Motion to Amend and for this Court to consider and rule upon that motion. . . . [because that] Motion to Amend would be rendered moot." *Id.* at 3-4.

In the Response, Plaintiff argues that the Motion to Amend "simply seeks leave of Court to allow a punitive damages instruction to go to the jury if the quality of evidence at trial in support of the existing causes of action warrants the same." *Response* [#106] at 3. Plaintiff further argues that the Motion is based on Defendant's "erroneous assumption that its strategic decision to withdraw a defense premised upon an unenforceable Release procured from [the insured], in conjunction with [the Motion for Summary Judgment], will somehow render [Plaintiff's Motion to Amend] moot." *Id.* at 3. Further, Plaintiff claims that Defendant "is not absolved from its tortious conduct and conspiracy simply by virtue of its unilateral declaration that it will not assert the Release as a defense to this action." *Id.* Plaintiff also points out that "staying any facet of this case at this time will mean that the discovery needed to proceed to trial will be delayed beyond the current discovery cutoff."

*Id.* at 5.

Defendant filed a joint Reply which addresses both the Motion [#103] and the Motion for Leave [#100]. In support of the Motion, Defendant argues that the Motion to Amend [#95] is "an effort to avoid the clear effect of [Defendant's] withdrawal of its defense." *Reply* [#112] at 2. Defendant also argues that Plaintiff will suffer no prejudice if the Motion is granted. *Id.* at 5.

## II. Analysis

The Court has the discretion to stay proceedings, because the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. However, stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). "Nevertheless, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Id.* (internal quotation omitted); *see String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed.

1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)). Here, Defendant seeks a stay of the briefing schedule because it believes that its Motion for Summary Judgment will dispose of two of the four remaining causes of action. *Motion* [#103] at 3-4.

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding; (3) the convenience to the Court of a stay; (4) the interests of nonparties in either staying or proceeding; and (5) the public interest in either staying or proceeding. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

First, the Court notes that Plaintiff opposes a stay and expresses an interest in proceeding expeditiously with briefing the Motion to Amend [#95]. With regard to the first factor, Plaintiff argues that "staying any facet of this case at this time will mean that the

5

discovery needed to proceed to trial will be delayed beyond the current discovery cutoff." *Id.* at 5. In contrast, Defendant argues that "there is no prejudice to [Plaintiff] . . . [because] the amendment, if allowed, would be limited to what issues and facts [Plaintiff] can present to a *jury* in relation to Counts 3 and 4," *Motion* [#103] at 4, implying that the request for punitive damages has no bearing on the scope of discovery in this matter. Even though Plaintiff's proposed Second Amended Complaint [#95-1] does not seek to add any claims, rather it only seeks to add exemplary damages to its request for relief and delete a claim dismissed by the Court, *see Order* [#77] at 22 (dismissing fifth claim for relief), such a request must be supported by evidence.

Pursuant to C.R.S. § 13-21-102(1)(a), exemplary damages are available when the defendant's wrongful act is attended by fraud, malice, or willful and wanton conduct. Colorado law defines "willful and wanton" conduct as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." C.R.S. § 13-21-102(1)(b). This standard is satisfied "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result." *Stanton v. Emcompass Indemnity Co.*, No. 12-cv-00801-PAB-KLM, 2013 WL 2010829 at * 9 (D. Colo. May 14, 2013) (quoting *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005)). Further, pursuant to C.R.S. § 13-21-102, inclusion of a claim for punitive damages is prohibited in the initial pleading and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of punitive damages. C.R.S. § 13-21-102(1.5)(a). That does not mean that a plaintiff cannot utilize discovery to bolster the *prima facie* evidence on which it relies when seeking to amend the complaint.

Because the Motion for Summary Judgment was filed on September 11, 2013, the briefing will not be complete until mid-October at the earliest and may not be ruled on for several months thereafter.  Accordingly, if the Motion were granted, briefing of the Motion to Amend [#95] would not commence for many months, potentially after the January 31, 2014 discovery deadline.  *See Scheduling Order* [#90] at § 9(a).  Further, Plaintiff has a strong interest in knowing what version of the Complaint is operative in this case as discovery progresses and other motions are filed.  Taking all of these considerations into account, the Court finds that the first *String Cheese Incident* factor weighs against staying briefing of the Motion to Amend.

The second factor is whether denying a stay would present an undue burden on Defendant.  Defendant does not suggest any *undue* burden in proceeding with the case.  The ordinary burdens associated with litigating a case do not constitute undue burden.  *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (unpublished decision).  The Court therefore finds that the second *String Cheese Incident* factor weighs against a stay.

The third factor concerning convenience to the Court weighs against a stay.  The Motion for Summary Judgment was recently filed, on September 11, 2013.  As a result, the briefing will not be complete until mid-October at the earliest.  As a result, it is likely that a variety of deadlines may have to be reset if the stay is granted.  "Motions having the effect of delaying proceedings and adversely affecting schedules are not favored in this District." *Wildearth Guardians v. Pub. Serv. Co. of Colorado*, No. 09-cv-01862-ZLW-MEH, 2009 WL 3296103, at *2 (D. Colo. Oct. 13, 2009) (denying request to stay discovery). Consequently, the Court must acknowledge the general interests of controlling the Court's docket and the

fair and speedy administration of justice. The Court therefore finds that the third *String Cheese Incident* factor weighs against a stay of briefing for the Motion to Amend.

With regard to the fourth factor, the parties have not alluded to any nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying the case.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Thus, the fifth *String Cheese Incident* factor weighs against a stay.

Weighing these factors in light of the present posture of this case, the Court concludes that a stay of briefing for the Motion to Amend [#95] pending resolution of the Motion for Summary Judgment [#115] is not appropriate.

### III. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#103] is **GRANTED in part** and **DENIED in part**. To the extent the Motion seeks a stay, it is **DENIED**. To the extent the Motion seeks extension of the deadline to respond to the Motion to Amend [#95], it is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendant's deadline to file a response to the Motion to Amend [#95] is extended to **September 30, 2013**. If Plaintiff wishes to file a reply in further support of the Motion to Amend [#95], such reply shall be filed in accordance with

D.C.COLO.LCivR 7.1.

Dated:  September 19, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge