IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

   Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

   Defendant and Third Party Plaintiff,

v.

CANAL INSURANCE COMPANY,

   Third Party Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on the **Motion to Withdraw Steven R. Kabler as Counsel for Plaintiff Bituminous Casualty Corporation** [#128][1] (the "Motion"), filed by Attorney Steven R. Kabler ("Kabler").  As an initial matter, the Motion does not comply with D.C.COLO.LCivR 7.1A, which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

The Motion is subject to denial on this basis alone.  Nevertheless, in the interest of expedience,

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

IT IS HEREBY **ORDERED** that the Motion [#128] is **GRANTED**. Attorney Kabler is relieved of any further representation of Plaintiff in this case. The Clerk of the Court is instructed to terminate Attorney Kabler as counsel of record, and to remove his name from the electronic certificate of mailing. Plaintiff shall continue to be represented by Attorneys Thomas Henry Blomstrom, Daniel Adam Wartell, and John Roland Chase.

Dated: October 31, 2013