IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

    Defendant.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff Bituminous's Motion for Leave to Amend to Seek Exemplary Damages Pursuant to Fed.R.Civ.P. [sic] 15 and C.R.S. § 13-21-102** [#95][1] (the "Motion"). On September 30, 2013, Defendant filed a Response [#118]. On October 18, 2013, Plaintiff filed a Reply [#122]. Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for disposition [#96]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **GRANTS** the Motion [#95].

## I. BACKGROUND

This is an insurance coverage dispute brought by one insurer against another

---

[1] "[#95]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

insurer regarding the same insured. *See. Am. Complaint* [#30] at ¶ 3. The factual background of this case is explained in detail in the Court's February 6, 2013 Order [#77], which is incorporated by reference. In short, Plaintiff seeks to recover amounts it expended in the defense of the common insured in a state court proceeding. *See id.* at ¶¶ 3, 16-19, 21.

On February 6, 2013, the Court entered an Order [#77] regarding Defendant's Motion to Dismiss Counts III, IV, and V of Plaintiff Bituminous Casualty Corporation's Amended Complaint [#38], after converting it to a motion for summary judgment [#49]. In that Order, the Court denied Defendant's request for summary judgment on Plaintiff's third (intentional interference with contractual obligations) and fourth (civil conspiracy) causes of actions and granted summary judgment on Plaintiff's fifth cause of action (damages resulting from wrong of another).

In so doing, the Court found that with regard to the intentional interference with contractual obligations claim:

> there are genuine issues of material fact that support Bituminous' argument that upon being advised of the Bituminous settlement, Hartford had constructive knowledge that Genex was contractually obligated under the Bituminous policies to transfer its rights of recovery to Bituminous and to do nothing to impair those rights. Despite such knowledge, Hartford purported to obligate Genex to "represent, warrant, and agree that . . . [it] [would] . . . not in any way assist any Person in the establishment of any Claim against Hartford."

*Order* [#77] at 11 (quoting *Ex. H to Pltf's Response* [#48-8] at ¶ 3.6). The Court also found that

> the circumstances and terms of the release obtained by Hartford demonstrate disputed issues of material fact concerning whether Hartford's conduct was improper. Having denied coverage to Genex, and having failed to contribute anything to settle the claims against Genex, Hartford's inclusion

2

>of Genex as a releasor in its agreement with RLP supports the inference that such inclusion was undertaken solely to prejudice the rights of Bituminous. *See Trimble v. City & Cnty. of Denver*, 697 P.2d 716, 726 (Colo. 1985) ("If the actor is motivated solely by the desire to harm one of the contracting parties or to interfere in the contractual relations between those parties, the interference is certainly improper"). Indeed, both the Bituminous and Hartford policies contain standard terms requiring the insured to transfer its rights of recovery to payments made by the insurer and to take no action impairing those rights. Construing the evidence in the light most favorable to Bituminous, a reasonable jury could conclude that the release obtained by Hartford evidences both a breach of Genex's contractual obligations to Bituminous and Hartford's intent to cause that breach. Hartford's purported motive for procuring the release–to avoid paying what it rightfully owed under policies that insured Genex–is further indicia of improper conduct.

*Id.* at 12-13. The Court found "that a reasonable jury could conclude that the steps taken by Hartford to protect any legally protected interest were not taken in good faith." *Id.* at 15.

Regarding Plaintiff's civil conspiracy claim, the Court found that because "civil conspiracy is a derivative cause of action that is predicated on an underlying wrong, typically a tort," and because Plaintiff based this claim on its intentional interference with contractual obligations claim, the fourth claim also "survive[d] summary judgment as a derivative claim." *Id.* at 19. The Court recounted the evidence presented regarding this claim and found "that the civil conspiracy claim is supported by sufficient evidence to require its submission to the jury." *Id.* at 20.

Finally, the Court granted summary judgment on Plaintiff's damages resulting from wrong of another claim because, under Colorado law, such a claim is not a stand-alone cause of action. *Id.* at 21.

In its Motion, Plaintiff seeks leave to file Plaintiff's Second Amended Complaint and Jury Demand [#95-1] (the "Second Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2). The Second Amended Complaint eliminates Plaintiff's fifth cause of action and

3

adds a request for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. *Compare Am. Compl.* [#30] *with Proposed Second Am. Compl.* [#95-1].

## II. ANALYSIS

As a preliminary matter, the pleading amendment deadline expired on July 30, 2013. *See Scheduling Order* [#90] at § 9(a). The present Motion was filed on July 30, 2013. *See generally Motion* [#95]. Therefore, the Motion was timely filed.

The Court next considers any arguments raised by the parties related to whether justice would be served by amendment. The Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant alleges that Plaintiff's amendment to add a request for exemplary damages based on its third and fourth causes of action is futile. *Response* [#118] at 3. An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether [Plaintiff's] proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to [Plaintiff], and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of [Plaintiff], giving [it] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [its] complaint." *Id.*

Pursuant to Colo. Rev. Stat. § 13-21-102, inclusion of a claim for exemplary damages is prohibited in the initial pleading and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of punitive damages. Colo. Rev. Stat. § 13-21-102(1.5)(a). Plaintiff argues that the Court's February 6, 2013 Order "held that [Plaintiff] had presented evidence sufficient to demonstrate triable issues of fact on both claims" and that Plaintiff "has already made an evidentiary showing under Rule 56," which means that Plaintiff has "necessarily satisfie[d] the lenient pleading standard at issue here." *Motion* [#95] at 2, 4. The Court agrees. It is clear that in the February 6, 2013 Order the Court found "that a reasonable jury could conclude that the steps taken by Hartford to protect any legally protected interest were not taken in good faith" and that "the civil conspiracy claim is supported by sufficient evidence to require its submission to the jury." *Order* [#77] at 15, 20.

The appropriate standard here is whether Plaintiff has provided *prima facie* evidence of willful and wanton behavior, and not whether the Court believes that a jury could find beyond a reasonable doubt that exemplary damages are warranted. *See, e.g., Am. Econ. Ins. Co. v. William Schoolcraft*, Civil Case No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007) (emphasizing that in resolving request to amend pursuant to section 13-21-102, court should consider only the "preliminary question" of whether moving parties made *prima facie* case, not whether any party will ultimately be entitled to those damages). Colo. Rev. Stat. § 13-21-102(1.5)(a) contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). *Prima facie* proof of a triable issue of punitive damages is established by "a showing of a reasonable likelihood that the issue

will ultimately be submitted to the jury for resolution." *Id.*; *see also* Colo. Rev. Stat. § 13-25-127(2) ("[e]xemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102."). Pursuant to Colo. Rev. Stat. § 13-21-102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. Colo. Rev. Stat. § 13-21-102(1)(a).

Plaintiff alleges that Defendant engaged in willful and wanton conduct. Specifically, Plaintiff alleges that Defendant "by words or conduct, or both, intentionally caused Genex to enter into an agreement with [Defendant] in contravention of Genex's contractual obligations to [Plaintiff]" and that "[Defendant]'s conduct . . . was attended by circumstances of fraud, malice, or willful and wanton conduct, including but not limited to [Defendant's] intent to cause [Plaintiff] injury . . ." *Proposed Second Am. Compl.* [#95-1] at ¶¶ 39, 42; *see also Proposed Second Am. Compl.* [#95-1] at ¶ 48.

Colorado law defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). The Colorado Supreme Court has noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Moreover, at this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiff, is sufficient to make out a *prima facie* case of willful and wanton behavior for the

purpose of allowing Plaintiff to amend its Amended Complaint to include exemplary damages, not whether such evidence is sufficient to defeat a motion for summary judgment or to prevail on the issue at trial.  *See Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, Civil Case No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007). Accordingly, the Court must consider whether Plaintiff has alleged that "defendant [was] conscious of [its] conduct and the existing conditions and knew or should have known that injury would result," in order to determine whether Plaintiff may be allowed to include a claim for punitive damages.  *Coors*, 112 P.3d at 66.  There is no question that the Proposed Second Amended Complaint [#95-1] meets this standard.

Considering that the allegations in the Proposed Second Amended Complaint must be viewed in the light most favorable to Plaintiff and that leave to amend should be freely granted, the Court finds that Plaintiff's allegations are sufficient to make out a *prima facie* case for willful and wanton behavior for the purposes of amending Plaintiff's third and fourth claims to seek punitive damages.  *Foman*, 371 U.S. at 182; *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998); *Castleglenn, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584-85 (10th Cir. 1993).  The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages may be properly included in the pleadings at this point.

Defendant also alleges that because it filed a motion for summary judgment that is pending before the Court and "should result in dismissal of Counts 3 and 4," the issue of amendment is moot "because the issue will be resolved as part of" the Court's determination of the pending motion for summary judgment.  *Response* [#18] at 2.

7

Defendant's belief in the merits of its motion for summary judgment, while admirable, has no impact on the Court's analysis of the standard for amendment pursuant to Fed. R. Civ. P. 15. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Foman*, 371 U.S. at 182 (leave to amend need not be given when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile).

Finally, the Court notes that prejudice to Defendant is the most important factor in considering whether Plaintiff should be permitted to amend its Amended Complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the [Defendant] in terms of preparing [its] defense to [claims asserted in the] amendment." *Id.* (quotation omitted). Defendant offers no argument that allowing Plaintiff to amend will result in prejudice. Therefore, the Court finds that Defendant has not shown that allowing Plaintiff to file its Second Amended Complaint will unfairly impact its ability to defend against any claims asserted in the Proposed Second Amended Complaint.

### III. CONCLUSION

Based on the above, therefore, the Court permits Plaintiff leave to file its Second Amended Complaint. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#95] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Second Amended Complaint [#95-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to

the Second Amended Complaint within the time allowed pursuant to Fed. R. Civ. P. 15(a)(3).

Dated:  December 18, 2013                    BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge