IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

　　Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

　　Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Defendant Hartford Casualty Insurance Company's Motion for Reconsideration of This Court's December 19, 2013 Order Denying Hartford a Two-Week Extension to Disclose an Expert** [#148][1] (the "Motion"). On February 10, 2014, Plaintiff filed a Response [#153]. On February 18, 2014, Defendant filed a Reply [#155]. The Court has reviewed the Motion, the Response, the Reply, the case file and relevant law, and is sufficiently advised in the premises. As discussed below, the Motion [#148] is **GRANTED in part** and **DENIED in part**.

**I. Background**

　　This is an insurance coverage dispute brought by one insurer against another insurer regarding the same insured. *See Second Am. Complaint* [#137] at ¶ 3. In short,

---

[1] "[#148]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Plaintiff seeks to recover amounts it expended in the defense of the common insured in a state court proceeding. *See id.* at ¶¶ 3, 16-19, 21.

On October 31, 2013, Defendant filed its Motion for a Two Week Extension to Disclose Rule 26(a)(2) Expert Witnesses [#126] which was denied without prejudice on December 19, 2013 [#138] (the "December Order"). In the December Order, the Court explained that the standard for amending a scheduling order requires a showing of good cause which the Tenth Circuit has explained "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *December Order* [#138] at 3; *quoting Strope v. Collins*, 315 F.App'x 57, 61 (10th Cir. 2009). The Court noted that:

> Even after Plaintiff pointed out Defendant's failure to address its diligence in attempting to meet the expert disclosure deadline, *see Response* [#133] at 1, Defendant failed to describe any steps it took to comply with the deadline or provide any argument that such steps meet the standard. *See generally Reply* [#134]. While Defendant provides argument regarding the standard governing the exclusion of evidence, *id.* at 3, that standard does not govern a request to amend a scheduling order.

*December Order* [#138] at 3-4. Accordingly, the Court denied the motion without prejudice and instructed Defendant that "[a]ny further attempt to extend the deadline must be supported by Defendant's showing of diligence in its efforts to meet the original deadline." *Id.* at 4.

In the instant Motion, Defendant asks the Court to reconsider the December Order. *Motion* [#148] at 1. Defendant argues that "[a] motion for reconsideration filed prior to the entry of judgment 'falls within a court's plenary power to revisit and amend interlocutory orders as justice requires.'" *Motion* [#148] at 4 (quoting *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb.

1, 2010)). Defendant further argues that "[a] motion for reconsideration is appropriate when a court agrees to the submission of additional facts for consideration with respect to a previously denied motion." *Id.* However, the December Order denied Defendant's previous motion *without prejudice*[2], therefore, the Court will not engage in an analysis of the standard for reconsideration of an order, rather, the Court will treat the Motion as a separate motion seeking to amend the Scheduling Order.

## II. Standard

As an initial matter, numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); accord *Summers*, 132 F.3d at 604 (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).

The decision to modify the Scheduling Order "is committed to the sound discretion

---

[2] Denial of a non-dispositive motion without prejudice generally allows the movant to re-file the motion at a later time. *See, e.g., SEC v. Trujillo*, No. 09-cv-00403-MSK-KMT, 2011 WL 197834, at *3 (D. Colo. Jan. 20, 2011) (denying motion for order to show cause without prejudice with leave to re-file).

of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013).  When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence.  *Id.* (citations omitted).  With regard to the fourth factor, the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'"  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).  While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'"  *Summers,* 132 F.3d at 604 (citations omitted).  However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended.  *Cf. Washington v. Arapahoe Cnty. Dep't of Soc. Servs.,* 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial").  *See also Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 101 (S.D.N.Y.2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

### III. Analysis

Here, Defendant argues that it was diligent in its efforts to retain and disclose an expert witness prior to the deadline. *Motion* [#148] at 5. In support of this argument, Defendant submitted the Affidavit of Kevin M. Lougachi [#148-2] (the "Lougachi Affidavit") which details the steps Defendant's counsel took to find and retain an expert who could offer an opinion regarding the release agreement at issue in this litigation. *See generally Lougachi Aff.* [#148-2]. These efforts began approximately three weeks before the deadline to disclose affirmative experts and included consulting with colleagues, consulting with individuals in the insurance industry who counsel believed might be able to act as an expert or who could identify someone else for the role, and consulting with co-counsel who identified Bradley A. Levin as a potential expert one week prior to the affirmative expert disclosure deadline. *Id.* at ¶¶ 3-10.

Plaintiff argues that the Motion should be denied because the information provided in the Lougachi Affidavit "merely demonstrate[s] that [Defendant] devoted insufficient time complying with its Court ordered expert disclosure deadline." *Response* [#153] at 3. Further, Plaintiff maintains that "[a]part from the claimed inability to locate an appropriate expert, [Defendant's] Motion does not identify any unforeseen event of circumstance supporting the requested extension." *Id.*

In its Reply, Defendant argues that the information it offers in support of the Motion meets "the actual standard to show diligence (*i.e.*, 'an adequate explanation for any delay') and, therefore," Plaintiff's argument should be rejected and the Motion should be granted. *Reply* [#155] at 3, 7-8. Defendant further argues that the *Smith* factors weigh in favor of the requested extension. *Id.* at 8-9.

As Defendant notes, a demonstration of good cause simply requires the movant to "provide an adequate explanation for any delay." *Strope*, 315 F. App'x at 61.  The Court finds that the Lougachi Affidavit provides an adequate explanation for Defendant's delay in retaining and disclosing Mr. Levin.  Accordingly, the fourth *Smith* factor supports an extension of the deadline.

Analyzing the other *Smith* factors leads the Court to conclude that the Motion should be granted to the extent is seeks an extension of the affirmative expert disclosure deadline. A trial date has not yet been set in this case.  Therefore, the first *Smith* factor weighs in favor of the requested extension.  The Motion is opposed.  Therefore, the second *Smith* factor weighs against the requested extension.  It does not appear that Plaintiff will be prejudiced by the extension.  Therefore, the third *Smith* factor weighs in favor of the requested extension.  In addition, the Lougachi Affidavit makes clear that Defendant could not have foreseen the problems it encountered when trying to retain an expert witness. Therefore, the fifth *Smith* factor weighs in favor of the requested extension.  While Plaintiff argues that Defendant should have begun its search for an expert more than three weeks before the disclosure deadline, *Response* [#153] at 3, the Court will not make such a finding at this time and such an argument, at best, would result in this factor being neutral. Finally, the sixth *Smith* factor asks the Court to consider the likelihood that the discovery will lead to relevant evidence.  Here, Defendant requests an extension of the affirmative expert disclosure deadline and asks the Court to accept Defendant's late disclosure of Mr. Levin.  While there is a pending motion to dismiss counts three and four of Plaintiff's Second Amended Complaint, which Defendant admits would render Mr. Levin's expert testimony unnecessary, the Court has not yet ruled on that motion and the relevant issues

remain in dispute.  Therefore, the Court finds that the sixth *Smith* factor weighs in favor of the requested extension.

### IV. Conclusion

For the forgoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#148] is **GRANTED** to the extent it seeks a two-week extension of the affirmative expert disclosure deadline.  Accordingly, the Court deems Defendant's November 14, 2013 disclosure of Mr. Levin timely.  The Motion [#148] is **DENIED** in all other respects.

The Court notes that the Discovery Deadline was February 28, 2014.  *See Minute Order* [#146] at 1.  Further, in its Response, Plaintiff indicates that it has not deposed Mr. Levin.  *Response* [#153] at 4 n.1.  To the extent Plaintiff wishes to depose Mr. Levin, Plaintiff shall file a motion requesting either that his deposition be taken outside of the Discovery Deadline or that the Discovery Deadline be extended.

Dated:  February 21, 2014          BY THE COURT:

Kristen L. Mix
United States Magistrate Judge