IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 12-CV-00043-WYD-KLM

BITUMINOUS CASUALTY CORPORATION, an Illinois corporation,

Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation

Defendant.

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Upon a showing of good cause in support of the entry of a protective order, under Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED

1. **Confidential Information.**

(a) As used in this Protective Order, "CONFIDENTIAL" or CONFIDENTIAL INFORMATION" shall mean the Jones & Keller Invoices in the Underlying Action, the Bituminous/Genex Settlement Agreement, and any related information, document, or thing that a Party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (d) below. For purposes of this Protective Order, documents produced by counsel for Bituminous, John E. Rodewald, in response to a subpoena will be considered as furnished by Bituminous, and any

such documents marked as "CONFIDENTIAL" will be considered CONFIDENTIAL INFORMATION under this Protective Order.

(b) A Party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing Party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving Party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Confidentiality Order.

(c) In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a Party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

(d) To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty (30) days after the deposition transcript is delivered to the Designated Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period. The portions so designated shall not be utilized or disclosed by the other Party, its agents, or its employees, except in accordance with the terms of this Confidentiality Order.

(e) CONFIDENTIAL INFORMATION shall not be disclosed to any person other than the following Qualified Person(s):

(i) the attorneys for the Recipient Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

(ii) the Recipient Party and officers, directors and/or employees of the Recipient Party, including those who have direct responsibility for assisting such counsel in the preparation and trial of the action.

(iii) court reporters, court officials, and the jury involved in this litigation;

(iv) experts, consultants and investigators and their staff who are retained by a Party for purposes relating to this litigation and who have agreed in writing to maintain the confidentiality of the CONFIDENTIAL INFORMATION.

(v) any other non-Party witnesses or deponents who agree on the record or in writing to maintain the confidentiality of the CONFIDENTIAL INFORMATION.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing Party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a Receiving Party shall be securely maintained in the offices of that Party's outside counsel. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this

Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(f) CONFIDENTIAL INFORMATION may be copied or reproduced for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Protective Order.

(g) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(e) above, such CONFIDENTIAL INFORMATION shall be accessible to, or disseminated to such person only after such person has agreed in writing to maintain the confidentiality of the CONFIDENTIAL INFORMATION, unless the Court rules otherwise.

2. **No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any privilege, trade secret or any intellectual property, proprietary, or other rights to or in such information.

3. **Filing with the Court.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the Party filing the material shall submit the document containing CONFIDENTIAL INFORMATION as a Level 1 restricted document pursuant to D.C.Colo.LCivR 7.2(e), and shall accompany such submission with a Motion to Restrict pursuant to D.C.Colo.LCivR 7.2(c).

4.  **Application of this Confidentiality Order.**

(a)   This Protective Order shall apply to all discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

(b)   Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any Party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Protective Order is without prejudice to a Party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

(c)   Nothing in this Protective Order or any Party's agreement thereto, shall waive or affect any Party's right to challenge the admissibility into evidence of CONFIDENTIAL INFORMATION, or any other rights a Party has under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, any Order of this Court, or any other applicable legal authority.

5.  **Confidentiality Challenge.**

A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Designating Party. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the dispute within ten (10) business days after the time the notice is received, it shall be the obligation of the Designating Party to make [file crossed out] an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made [filed crossed out], the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective

*[handwritten initials: KLM]*

5

Order until the Court rules on the motion. If the Designating Party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ made under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

6. **Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Protective Order, however, shall preclude any Party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege. The Parties to this Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, shall be determined in the future. Nothing herein shall be construed to alter or abridge the admissibility of evidence under the standards set forth in the Federal Rules of Evidence.

7. **Specific Disclosure.**

By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of the Confidentiality Order regarding other uses of that CONFIDENTIAL INFORMATION.

8. **Modification.**

This Protective Order may be modified only by Order of the Court.

9. **Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the Parties shall either return or destroy all CONFIDENTIAL INFORMATION the Parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within thirty (30) days of written request from the Designating Party, which notice shall be given within thirty (30) days after said final disposition of this case, except that counsel may retain one copy of such CONFIDENTIAL INFORMATION to maintain a complete file.

So Ordered this 15th day of March, 2014.

United States Magistrate Judge Kristen L. Mix

AGREED AND STIPULATED:

| | |
|---|---|
| MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, LLP | THE MADDEN LAW FIRM |
| By: *s/ Thomas H. Blomstrom*<br>    John R. Chase<br>    Thomas H. Blomstrom<br>    1775 Sherman Street, 21st Floor<br>    Denver, Colorado 80203<br>    Telephone: (303) 592-6600<br>    jchase@mkadlaw.com<br>    tblomstrom@mkadlaw.com | By: *s/ John W. Madden, III*<br>    John W. Madden, III<br>    370-17th Street, Suite 3500<br>    Denver, Colorado 80202<br>    Telephone: (303) 478-8891<br>    madden@themaddenlawfirm.com |
| *and* | *and* |
| JONES & KELLER, PC | KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC |
| By: _____<br>    Daniel A. Wartell<br>    1999 Broadway, #3150<br>    Denver, Colorado 80202<br>    Telephone: (303) 573-1600<br>    dwartell@joneskeller.com | By: *s/ Kevin M. Lougachi*<br>    Wayne S. Karbal<br>    Kevin M. Lougachi<br>    Christopher D. Bluc<br>    150 South Wacker Drive, Suite 1700<br>    Chicago, Illinois 60606<br>    Telephone: 312-431-3700<br>    wkarbal@karballaw.com<br>    klougachi@karballaw.com |
| **ATTORNEYS FOR PLAINTIFF BITUMINOUS CASUALTY CORPORATION** | **ATTORNEYS FOR DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY** |